## IN RE ENFORCEMENT OF TAXES DELINQUENT ON FIRST MONDAY IN JANUARY, 1924, FOR COUNTY OF KANABEC. WILLIAM H. BEAN, OBJECTOR.[1]

July 3, 1925.

No. 24,836.

**Delinquent real estate taxes.**

Findings of trial court, materially reducing value of lands assessed for taxation, sustained—Landowner's witnesses were competent to testify. [Reporter.]

See Evidence, 22 C. J. pp. 181, § 129, 698, § 787, 859, § 1028.

In proceedings to enforce payment of real estate taxes remaining delinquent the first Monday in January, 1924, for county of Kanabec, William H. Bean filed objections in the district court, claiming that his lands were assessed for more than their true value. The matter was tried before Searles, J., who materially reduced the assessment. The county of Kanabec appealed from an order denying its motion for a new trial. Affirmed.

*Clifford L. Hilton,* Attorney General, *William H. Gurnee,* Assistant Attorney General, and *P. S. Olsen,* County Attorney, for appellant.

*Clapp, Richardson, Elmquist, Briggs & Macartney,* for respondent.

PER CURIAM.

Proceedings for the enforcement of delinquent real estate taxes for the year 1922, upon 13,000 acres of land in Kanabec county, owned by William H. Bean, the objector and respondent. It is alleged in the answer that the land was taxed at a valuation greater than its actual value, and demanded that the assessment be reduced to correspond with the value of the property. The issue, so formed, was tried before the judge of the district court and findings made, materially reducing the amount of the taxable value and the taxes assessed against the land. A motion was made, on behalf of the state, for amended findings or for a new trial, which was denied. From the order denying the motion, this appeal was taken.

The assignments of error present, as the principal question, whether the findings of the trial court are sustained by the evidence. Several witnesses testified on behalf of the landowner, and three witnesses testified on behalf of the state. It is contended, on behalf of the state, that the

[1]Reported in 204 N. W. 640.

witnesses, called and examined on behalf of the landowner, were not shown to be competent to testify as to the value of the real estate; that no proper foundation was laid for the reception of the testimony given by them. We do not agree with this contention. A number of the witnesses had dealt in real estate in that locality for a number of years, went upon the land for the purpose of examining it, and gave their opinion as to the value of the land at the time in question. Their qualification rested largely in the discretion of the trial court. The witnesses, testifying on behalf of the state, had resided in that locality for many years, owned farms of their own, but had no experience in the handling of real estate. The evidence is conflicting as to the value of the property. The trial court was familiar with the situation and was in position to give proper weight to the opinion of the various witnesses, which he apparently did.

Upon the trial, the state offered the record of certain deeds, conveying said land, for the purpose of showing the value of the property, which were excluded under objection. The ruling was correct. A further discussion of the evidence would be of no useful service. We are of the opinion that the findings of the trial court were abundantly justified by the evidence.

Affirmed.